IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ARNESHA BARRON**                                                                 **PLAINTIFF**

v.                                       CASE NO. 2:24-CV-00104-BSM

**P.A.M. TRANSPORT INC., d/b/a**
**P.A.M. CARTAGE CARRIERS, LLC; and**
**JOAQUIN ENRIQUE BORREGO SIERRA**                                     **DEFENDANTS**

## ORDER

Arnesha Barron's motion to remand [Doc. No. 7] is granted and this case is immediately remanded to the St. Francis County Circuit Court. Remand is appropriate because the forum defendant rule precludes Joaquin Enrique Borrego Sierra from removing this case. Barron's request for attorney fees is denied because Sierra had an objectively reasonable basis for removal.

28 U.S.C. section 1441 gives defendants an opportunity to remove cases to federal court based on diversity of citizenship. Removal is precluded, however, when any defendant is a citizen of the state where the case is brought. *See* 28 U.S.C. § 1441(b)(2) (forum defendant rule). While the parties agree that there is complete diversity, one of the defendants is a citizen of Arkansas. Compl. ¶¶ 3–4, Doc. No. 2. Nevertheless, Sierra argues that the forum defendant rule is inapplicable because his Arkansas co-defendant, P.A.M. Transport Inc., had not been served at the time of removal. Sierra is seeking a "snap removal," which occurs when a defendant removes a case before the plaintiff can serve a defendant whose joinder would defeat diversity. Sierra filed notice of removal only four

days after Barron filed her complaint, and before any defendant had been served. *See* Doc. Nos. 1 & 2.

In support of remand, Barron cites my ruling in *Facio v. Estes Express Lines*, No. 2:22-CV-00136-BSM (E.D. Ark. Oct. 6, 2022). *See* Doc. No. 7-2 (*Facio* order in which I remanded a snap removal). In response, Sierra cites *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1110 (8th Cir. 2023), in which the Eighth Circuit stated in dicta that a "defendant can remove the case to federal court, assuming there is original jurisdiction, if the forum-state defendant has yet to be properly served" which appears to look favorably on snap removal. Despite the Eighth Circuit's dicta, and after careful consideration of Sierra's arguments, I still find that snap removal is improper.

Finally, Sierra's request for certification of immediate appeal of the remand order under 28 U.S.C. section 1292(b) is denied. "In order to satisfy section 1292(b) requirements, a case must involve an issue that concerns: (1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate outcome of the litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979). While snap removal involves a controlling question of law as to which there is a substantial ground for difference of opinion, a decision would not materially advance the ultimate outcome of the litigation. This lawsuit will be more efficiently resolved in state court rather than languishing on appeal over a niche issue that does not pertain to the merits.

IT IS SO ORDERED this 15th day of July, 2024.

                                                                                             UNITED STATES DISTRICT JUDGE